## No. 831.

### RICHARD T. EASTIN VS. ALFRED DUPÉRIER.

On a settlement between Duperier and his ward, Ratier, Duperier, being indebted to Ratier, assumed, in part payment of this indebtedness, to pay a note drawn by his ward and on which he had gone security.

Duperier and Ratier were sued on this note. Pending this suit, Ratier sold whatever claim he might have against Duperier to plaintiff. Judgment was rendered in favor of Duperier and Ratier on the note sued on. Plaintiff, as the transferee of Ratier, sues Duperier for the amount of this note.

The settlement between Ratier and Duperier being final in their relations of tutor and ward, Ratier, when he sold his rights against Duperier to plaintiff, sold nothing.

Because Duperier was not condemned to pay the note which he agreed to pay is no reason why Ratier, or his alleged transferee, should claim payment of the sum which it represented, any more than if the holder of the note had given it to him, or if the payment thereof had been barred by prescription.

APPEAL from the Third Judicial District Court, parish of Iberia. *Train, J.    Gary & Fournet,* for plaintiff and appellant.    *J. A. Breaux* and *A. C. Dumartrait,* for defendant and appellee.

LUDELING, C. J.    The plaintiff alleges that he purchased from one Ratier, the former ward of the defendant, whatever balance might be due by the defendant to said ward. He alleges, further, that in the rendition of his account to his ward the defendant acknowledged an indebtedness to him, which was satisfied by money, by notes which said defendant held against his said ward, and by notes on which he was bound as security for his said ward; that one of these last-named notes, for

Eastin vs. Duperier.

$833 33, was declared by a court of competent jurisdiction to be without consideration, and that for the amount of said notes the said defendant is still indebted to the said ward, or to petitioner, his vendee.

There was judgment of nonsuit, and plaintiff has appealed.

It appears from the record that subsequent to the judgment in favor of Ratier and Duperier on the note for $833 33, Ratier sued his former tutor for matters connected with his tutorship, and there was judgment in reconvention against Ratier for $120. It may be that by not claiming in that suit the sum now claimed in this suit, he is estopped from suing on it afterward. The pleadings have been negligently made, and we think the ends of justice will be subserved by affirming the judgment of nonsuit.

It is therefore ordered that the judgment appealed from be affirmed with costs.

ON REHEARING.

MORGAN, J. Duperier settled his account as tutor with his ward, Ratier. The parties were competent to settle at the time of the adjustment. Duperier was indebted to his ward. In part payment of this indebtedness he assumed to pay a note drawn by his ward, to secure which Duperier was surety. Duperier and Ratier were sued on this note. Pending tne suit, Ratier sold whatever claim he might have against Duperier to the plaintiff. Judgment was rendered in favor of Duperier and Ratier on the note sued on. Eastin, as the transferee of Ratier, sues Duperier for the amount of this note.

- The settlement between Duperier and Ratier was a final settlement of their accounts. These settled, Ratier had no claim against him. Ratier had no rights against him growing out of their relation of tutor and ward. When, therefore, Ratier sold to Eastin his rights against Duperier, he sold him nothing. The settlement between Ratier and Duperier was unconditional and final. Because he was not condemned to pay the note which he agreed to pay is no reason why Ratier could claim payment of the sum which it represented, any more than if the holder of the note had given it to him, or if the payment thereof had been barred by prescription. The contract was conclusive between Ratier and Duperier. It is conclusive against those who represent either of them. Ratier certainly could not sue. Neither, therefore, can Eastin.

It is therefore ordered, adjudged, and decreed that the former judgment rendered by us be set aside. And it is now ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that there be judgment in favor of the defendant with costs in both courts.